## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE BENITEZ** ) <br> 2320 Fairview Terrace ) <br> Alexandria, VA 22303 ) <br> City of Alexandria (Independent City) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MASCO CONTRACTORS INC.** ) <br> 5724 Onnen Road ) <br> Baltimore, MD 21206 ) <br> Baltimore City ) <br> ) <br> **Serve:** James Stadler ) <br>        5724 Onnen Road ) <br>        Baltimore, MD 21206 ) <br> ) <br> **JAMES STADLER** ) <br> 5724 Onnen Road ) <br> Baltimore, MD 21206 ) <br> Baltimore City ) <br> ) <br> **Serve:** James Stadler ) <br>        5724 Onnen Road ) <br>        Baltimore, MD 21206 ) <br> ) <br> Defendants. ) <br>  ) | Civil Action No. _____ <br><br> **Jury Trial Demanded** |

## **COMPLAINT**

1. Plaintiff Jose Benitez is a former employee of Masco Contractors Inc. and James Stadler (collectively, "Defendants") and he brings this action under the Fair Labor Standards Act ("FLSA") on behalf of himself and all others similarly situated and under Maryland state law because of the defendants' unlawful deprivation of his rights to minimum wages and overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation,

damages, equitable and other relief under the FLSA, as amended, 29 U.S.C. § 201, *et seq.,* and Maryland law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. Venue lies within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Benitez has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint as Exhibit A. Plaintiff Benitez brings this action in accordance with 29 U.S.C. § 216(b) because of the Defendants' unlawful deprivation of Plaintiff's right to minimum wages overtime pay in accordance with the FLSA.

5. At all times material to this Complaint, Plaintiff Benitez was an "employee" of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1). At all times material herein, Plaintiff Benitez was also employed by the Defendants within the meaning of the Maryland Wage and Hour Law and the Maryland Wage Payment Act, Md. Code Ann., Lab. & Empl. §§ 3-401, 3-501.

6. Defendant Masco Contractors Inc. is a Maryland corporation headquartered at 5724 Onnen Road, Baltimore, MD 21206. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000. At all times material, Defendant has actively been conducting business in Maryland.

7. Defendant James Stadler is the owner and registered agent of Defendant Masco Contractors Inc. Defendant Stadler controls directly or indirectly the management of Defendant Masco Contractors Inc. Defendant Stadler has conducted business in Maryland, entered into contracts in Maryland, and employed employees in Maryland on behalf of himself and Masco Contractors Inc. Defendant Stadler through Masco Contractors Inc. and his own financial interests has actively engaged in business in Maryland and is subject to the personal jurisdiction of Maryland for purposes of this lawsuit

8. At all times material, each Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Maryland Wage and Hour Law and the Maryland Wage Payment Act, Md. Code Ann., Lab. & Emp. §§ 3-401, 3-501.

9. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratifications or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

**FACTS**

10. Defendant Masco Contractors was hired by the Housing Authority of Baltimore City (HABC) to install hot water heater tanks, furnaces, and fixed set point thermostats in the Rosemont/Dukeland housing complex located at 1121 N. Ellamont St., Baltimore, MD 21216. The project lasted from approximately April 2019 through September 2019.

11. Plaintiff Benitez worked for Defendants as a superintendent at the Rosemont/Dukeland project from approximately April 17, 2019 through September 6, 2019. Prior

to working on the Rosemont/Dukeland project, Plaintiff Benitez had worked for Defendants on various other projects in the Baltimore, Maryland area.

12. While working for Defendants at the Rosemont/Dukeland project, Plaintiff Benitez's job duties included, but were not limited to, installing mechanical units, performing repair work, and working with other subcontractors while on the job site.

13. When Defendants hired Plaintiff Benitez to work on the Rosemont/Dukeland project, Defendants promised to pay him on a weekly basis at the rate of $1,000 per week. This agreement was memorialized in a text message sent by Defendant Stadler to Plaintiff Benitez approximately one week before the job start date in April 2019.

14. While working for Defendants at the Rosemont/Dukeland project, Plaintiff Benitez regularly worked over 40 hours in a workweek. Specifically, Plaintiff Benitez was scheduled to work Monday through Friday, from 8 am until 4:30 pm, inclusive of 30-minute meal break. Thus, any additional time worked beyond his scheduled shift was necessarily in excess of 40 hours in a workweek. However, Plaintiff was not compensated for any work performed in excess of 40 hours in a workweek at the rate of time and one-half his regular rate of pay.

15. Plaintiff Benitez regularly arrived at the job site 15-30 minutes before the start of his scheduled shift at 8 am and immediately began working. Specifically, upon arrival, Plaintiff Benitez was required to call his supervisor—Defendant James Stadler—to discuss that day's tasks, the materials needed for that day, and where those materials can be picked up. Other workers would begin arriving between 8-8:30 am.

16. Plaintiff Benitez continued working until approximately 30-45 minutes after the end of his scheduled shift at 4:30 pm. Specifically, Plaintiff Benitez was required to wait until all other workers had left the job site to close and secure the work location until the next day. Plaintiff

Benitez was also required to call his supervisor, Defendant Stadler, at the end of the work day to report on the day's work and accomplishments and to discuss if anything was needed for the next day's tasks. If Plaintiff Benitez failed to call Stadler at the end of the day, Stadler would call him instead.

17. Defendants did not utilize timesheets or any other formal timekeeping system at the Rosemont/Dukeland project site.

18. Defendants paid Plaintiff Benitez consistent with their agreement, compensating Benitez with $1,000 each week, from April 17, 2019 until approximately June 17, 2019. Each time Defendants paid Plaintiff Benitez, his compensation was provided in the form of a personal check issued by Masco Contractors Inc, 322 Kent Dr., Cocoa Beach, FL 32931, and signed by James Stadler. The checks also included the job number, HAE-2941.

19. In June 2019, Defendants stopped paying Plaintiff Benitez for any of the work he performed on the Rosemont/Dukeland project. However, Plaintiff Benitez continued to work for Defendants on this project until its completion on or around September 16, 2019. As such, Plaintiff was not paid for approximately 13 weeks of work.

20. The first time that Defendants failed to provide Plaintiff with a weekly paycheck in June 2019, Plaintiff Benitez asked Stadler why he had not been paid. In response, Stadler told Plaintiff Benitez that the company was short on money, so he needed a bit more time to gather the funds to pay him. Given Plaintiff Benitez's longstanding relationship with Defendant and Stadler specifically, Benitez waited to follow-up again regarding his missing paychecks.

21. As the Rosemont/Dukeland project neared its conclusion and the Defendants continued to fail to provide weekly paychecks, Plaintiff Benitez followed-up with Stadler via text

message on at least three separate occasions. However, Stadler either ignored Benitez or instructed him to continue to wait for the money.

22. During the summer of 2020, long after the Rosemont/Dukeland project had been completed, Plaintiff Benitez reached out directly to the HABC to inquire as to the whereabouts of his paychecks. In response to his inquiries, HABC explained to Benitez that they had already paid Masco Contractors its final payment for the Rosemont/Dukeland project, so there was nothing more that HABC could do for him.

23. After speaking to the HABC, Plaintiff Benitez continued to text Stadler to ask about his missing paychecks. Finally, on September 14, 2020, Stadler sent Plaintiff a lump sum check of $2,000. Not only was this sum far less than the amount owed to Plaintiff for the work performed from June through September 2019, it was also paid approximately 12 months after the Rosemont/Dukeland project was completed.

24. To date, the only compensation that Plaintiff Benitez has received for the work performed for Defendants on the Rosemont/Dukeland project from approximately June 17, 2019 through September 16, 2019 was the $2,000 check sent by Defendant in September 2020. Plaintiff Benitez also has not received overtime compensation for any of the work performed at the Rosemont/Dukeland project in excess of 40 hours in a workweek.

## COUNT I

### FAILURE TO COMPENSATE PLAINTIFF AT THE MINIMUM WAGE IN VIOLATION OF THE FLSA

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 in their entirety and restates them herein.

26. Section 206(a)(1) of the FLSA requires that Defendants, as Plaintiff Benitez's employers, compensate him for all hours worked at the rate of at least $7.25 per hour. Defendants

have failed to comply with the minimum wage requirements of the FLSA by failing to compensate Plaintiff Benitez with this minimum wage compensation for all of the hours worked from approximately June 17, 2019 through September 17, 2019.

27. Specifically, Plaintiff Benitez worked for Defendants at the Rosemont/Dukeland project from approximately April 2019 through September 2019. However, he did not receive any compensation for the work performed from June 17, 2019, through September 17, 2019, with the exception of a $2,000 check paid to him in September 2020.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover backpay, liquidated damages in an amount equal to his backpay damages for the Defendants' failure to pay overtime compensation, plus attorneys' fees and costs.

29. As a result of Defendants' willful and purposeful violations of the FLSA, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants' liability can be ascertained.

## COUNT II

### FAILURE TO PAY OVERTIME FOR ALL HOURS WORKED IN EXCESS OF 40 HOURS IN A WORKWEEK IN VIOLATION OF THE FLSA

30. Plaintiff hereby incorporates by reference Paragraphs 1 through 29 in their entirety and restates them herein.

31. At all times material herein, during those workweeks in which Plaintiff Benitez worked in excess of 40 hours in a week on the Rosemont/Dukeland project, he did so without

compensation before the start of his shift and after the end of his scheduled shift without compensation. Accordingly, Defendants have failed to provide Plaintiff with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

32. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendants have failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiff Benitez for work that he has been suffered or permitted to perform on the Rosemont/Dukeland project in excess of 40 hours in a workweek.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover backpay, liquidated damages in an amount equal to his backpay damages for the Defendants' failure to pay overtime compensation, plus attorneys' fees and costs.

34. As a result of Defendants' willful and purposeful violations of the FLSA, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants' liability can be ascertained.

## COUNT III

### FAILURE TO PAY WAGES IN A TIMELY MANNER IN VIOLATION OF THE FLSA

35.     Plaintiff hereby incorporates by reference Paragraphs 1 through 34 in their entirety and restates them herein.

36.     The FLSA mandates that minimum wage and overtime compensation be paid "on time," meaning on the regular pay day for the period in which such workweek ends. Defendants have failed to comply with this requirement by waiting almost one year, until September 14, 2020, to compensate Plaintiff Benitez with $2,000 for some (but not all) of his work for the time period of approximately June 17, 2019 through September 17, 2019.

37.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover liquidated damages in an amount equal to the untimely paid wages, plus attorneys' fees and costs.

38.     As a result of Defendants' willful and purposeful violations of the FLSA, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants' liability can be ascertained.

## COUNT IV

### FAILURE TO COMPENSATE PLAINTIFF AT THE MINIMUM WAGE IN VIOLATION OF THE MWHL

39.     Plaintiff hereby incorporates by reference Paragraphs 1 through 38 in their entirety and restates them herein.

40. Section 3-413(c) of the Maryland Wage and Hour Law ("MWHL") requires that at all times relevant, Defendants, as Plaintiff Benitez's employers, compensate him for all hours worked in excess of the rate of $10.10 per hour. Defendants have failed to comply with the minimum wage requirements of the MWHL by failing to compensate Plaintiff Benitez with this minimum wage compensation for all of the hours worked from approximately June 17, 2019 through September 17, 2019.

41. Specifically, Plaintiff Benitez worked for Defendants at the Rosemont/Dukeland project from approximately April 2019 through September 2019. However, he did not receive any compensation for the work performed from approximately June 17, 2019, through September 17, 2019, with the exception of a $2,000 check paid to him in September 2020.

42. Pursuant to Md. Code Ann., Lab. & Empl. § 3-427, Plaintiff is entitled to recover backpay, liquidated damages in an amount equal his backpay damages for the Defendants' failure to pay overtime compensation, plus attorneys' fees and costs.

43. As a result of Defendants' violations of the MWHL, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed by the Md. Code Ann., Lab. & Empl. § 3-424, and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants' liability can be ascertained.

## COUNT V

### FAILURE TO PAY OVERTIME FOR ALL HOURS WORKED IN EXCESS OF 40 HOURS IN A WORKWEEK IN VIOLATION THE MWHL

44. Plaintiff hereby incorporates by reference Paragraphs 1 through 43 in their entirety and restates them herein.

45. At all times material herein, during those workweeks in which Plaintiff Benitez worked in excess of 40 hours in a week at the Rosemont/Dukeland project, he did so without compensation before the start of his shift and after the end of his scheduled shift without compensation. Accordingly, Defendants have failed to provide Plaintiff with the rights and protections provided under the MWHL, Md. Code Ann., Lab. & Empl. § 3-415 and § 3-420.

46. The MWHL requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Sections 3-415 and 3-420 requires the payment of overtime compensation at the rate of one and one-half times the employee's hourly wage for all hours of work in excess of 40 hours per week. Defendants have failed to comply with the overtime pay requirements of the MWHL by failing to compensate Plaintiff Benitez for work that he has been suffered or permitted to perform on the Rosemont/Dukeland project in excess of 40 hours in a workweek.

47. Pursuant to Md. Code Ann., Lab. & Empl. § 3-427, Plaintiff is entitled to recover backpay, liquidated damages in an amount equal his backpay damages for the Defendants' failure to pay overtime compensation, plus attorneys' fees and costs.

48. As a result of Defendants' violations of the MWHL, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him.

Defendants are under a duty imposed by the Md. Code Ann., Lab. & Empl. § 3-424, and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendants' liability can be ascertained.

## COUNT VI

### FAILURE TO PAY WAGES TIMELY AND REGULARLY IN VIOLATION OF THE MWPCL

49. Plaintiff hereby incorporates by reference Paragraphs 1 through 48 in their entirety and restates them herein.

50. The Maryland Wage Payment Act requires employers such as Defendants to pay Plaintiff all wages earned, including overtime wages, fully and timely. Md. Code Ann., Lab. & Empl. §§ 3-502 and 3-505.

51. Defendants failed or refused to pay Plaintiff all wages due, including overtime and the minimum wage in violation of the Maryland Wage Payment Act, Md. Code Ann., Lab. & Empl. § 3-413 and 3-502.

52. Defendants did not withhold Plaintiff's wages as a result of a *bona fide* dispute.

53. Pursuant to the Maryland Wage Payment Act, Md. Code Ann., Lab. & Empl. § 3-507.2, Defendants are liable to Plaintiff Benitez for his unpaid wages, plus an additional amount equal to three times the unpaid wages, reasonable attorneys' fees, and costs.

54. As a result of Defendant's violations of the MWPCL, there has become due and owing to Plaintiff Benitez an amount that has not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive possession, custody and control of the Defendants and Plaintiff Benitez is unable to state at this time the exact amount owing to him. Defendant is under a duty imposed by the Md. Code Ann., Lab. & Empl. § 3-424, and various

other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff from which the amount of Defendant's liability can be ascertained.

## COUNT VI

## BREACH OF CONTRACT

55. Plaintiff hereby incorporates by reference Paragraphs 1 through 54 in their entirety and restates them herein.

56. Plaintiff Benitez entered into a valid and enforceable agreement with Defendants to provide services as a superintendent at the Rosemont/Dukland project. Pursuant to this agreement, which was memorialized via text message in April 2019, Defendants promised to pay Plaintiff $1,000 per week for all work performed.

57. After accepting the job with Defendants, Plaintiff performed services as a superintendent on the Rosemont/Dukeland project from approximately April 17, 2019 through September 6, 2019. Thus, Defendants directly benefitted from Plaintiff's performance of his obligations under the parties' contract.

58. Defendants satisfied their obligations under the parties' contract or the time period from April 17, 2019 through approximately June 17, 2019 by compensating Plaintiff Benitez at a rate of $1,000 per week for services as a superintendent on the Rosemont/Dukeland project.

59. However, Defendants breached their obligations under the parties' contract and not only failed to compensate Plaintiff Benitez at the promised rate, but also failed to compensate Plaintiff for any work at all for approximately 13 weeks, from approximately June 17, 2019 through August 16, 2019. Thus, Plaintiff Benitez has been harmed as a direct result of the Defendants' failure to compensate Plaintiff at the weekly rate promised to him by Defendants.

60. As a result of Defendants' breach of the parties' agreement, Plaintiff seeks damages that will put him in the position he would have been in had Defendants not breached their agreement. Specifically, Plaintiff seeks backpay for all hours worked for Defendants from approximately June 17, 2019 through September 16, 2019, at the weekly rates promised to him.

61. As a result of Defendants' breach of the parties' agreement, there have become due and owing to Plaintiff Benitez various amounts that have not yet been precisely determined. The employment and work records for Plaintiff Benitez are in the exclusive custody and control of Defendants and the Plaintiff is unable to state at this time the exact amount owing to him.

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that his claims be tried before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and on behalf of others similarly situated, requests that this Court:

(a) Enter a declaratory judgment that Defendants violated Plaintiff's rights under the Fair Labor Standards Act, the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, and Maryland common law;

(b) Award Plaintiff unpaid wages, including overtime wages and the required minimum wage, plus liquidated damages in an equal amount under the FLSA;

(c) Award Plaintiff unpaid wages, including overtime wages and the required minimum wage, pursuant to the Maryland Wage and Hour Law, plus pre-judgment interest and interest on the unpaid wages;

(d) Award Plaintiff unpaid wages due plus an amount equal to three times unpaid wages due under the Maryland Wage Payment and Collection Act, plus pre-judgment interest and interest on the unpaid wages;

(e) Award Plaintiff unpaid wages due pursuant to the parties' contract;

(f) Award Plaintiff his costs and reasonable attorney' fees incurred in this action, as provided in 29 U.S.C. § 216(b), Md. Code Ann., Labor & Empl. § 3-427(d), and Md. Code Ann., Labor & Empl. § 3-507.2; and

(g) Grant such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

*/s/ Megan K. Mechak*
Megan K. Mechak (Bar No. 27584)
Sarah M. Block *(pro hac vice to be submitted)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Facsimile: (202) 452-1090
Email: mkm@mselaborlaw.com
Email: smb@mselaborlaw.com