**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOSE BENITEZ                                  *
                                              *
    v.                     *        Civil No.  1:21-cv-0259-CCB
                                              *
MASCO CONTRACTORS INC., et al.                *
                                      **********

## MEMORANDUM

Pending before the court is a motion to set aside default judgment brought by defendants

MASCO Contractors, Inc. ("MASCO") and James Stadler. The matter has been fully briefed and

no oral argument is necessary. *See* Local Rule 105(6) (D. Md. 2021). For the reasons discussed

herein, the motion will be granted.

## BACKGROUND

On February 1, 2021, Jose Benitez filed a complaint for unpaid or delayed wages and

overtime for his installation work on the Rosemont/Dukeland housing complex project site in

Baltimore that he completed for MASCO and Stadler between June 17 and September 17, 2019.

(ECF 1, Compl. ¶¶ 19, 24, 27). Over the course of several months, Mr. Benitez attempted to serve

the defendants at MASCO's principal office in Baltimore, Maryland, a location MASCO

registered with the Maryland State Department of Assessments and Taxation; Stadler's personal

residence in Kingsville, Maryland; and two locations in Florida where Mr. Benitez had reason to

believe Stadler might be located. (ECF 7-1, Mot. for Alt. Serv., at 2-3). After these unsuccessful

attempts, the court granted Mr. Benitez' motion for alternative service by mail complete upon

delivery as to Mr. Stadler. (ECF 8, Order for Alternative Service). Alternative service was obtained

on May 21, 2021, (ECF 12, Summons)[1] and default judgment was entered in favor of Mr. Benitez on September 7, 2021. (ECF 17, Default J.).

Mr. Stadler claims that while Mr. Benitez attempted service of process, he was recovering from surgery in Florida, was unaware of the attempts, and did not attempt to avoid service. (ECF 22-5, Stadler Aff., ¶¶ 4-5).[2] On November 4, 2021, apparently two days after Mr. Stadler returned to Maryland, Mr. Stadler and MASCO filed a motion to set aside default, (ECF 18, Mot. to Set Aside J.), to which Mr. Benitez responded (ECF 21) and the defendants replied (ECF 22). Following the court's order granting his request (ECF 23), Mr. Benitez filed a surreply on December 16, 2021 (ECF 24).

## DISCUSSION

### I.  Standard of Review

A court may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Under Rule 60(b), a judgment may be set aside where the moving party shows "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citation omitted). After a party has made this showing, they then must satisfy one of the six enumerated options that entitle litigants to relief under Rule 60(b). Fed. R. Civ. P. 60(b). Among these justifications are (1) if the moving party has shown "excusable neglect," and (2) an opposing party has committed "fraud . . . misrepresentation, or misconduct."

---

[1] MASCO may have been served through the Maryland State Department of Assessments and Taxation (ECF 9), although the defendants say this service was "unavailing" because the address is no longer associated with MASCO. (ECF 18 ¶¶ 12, 29).

[2] Apparently, Mr. Stadler's son was living in the Kingsville, Maryland, residence but had not been instructed to forward MASCO mail to Florida. (ECF 22-5, Stadler Aff, at 7-8).

*Id.* 60(b)(1); 60(b)(3).[3] The moving party "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). The decision to grant or to deny a Rule 60(b) motion is a matter of the court's discretion. *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973) ("When a Rule 60(b)[] motion is made, the District Court denies or grants relief based on its discretionary appraisal of the particular facts of the case").

## II. Defendants' Motion Is Timely

Parties moving under Rule 60(b)(1) and (3) must file within a reasonable time and within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). Despite their earlier continued failure to respond to this action, the defendants did file their Rule 60(b) motions promptly after Mr. Stadler's return from Florida and within two months after the entry of default judgment. This filing for relief was thus timely under the Rule and circumstances.

## III. Granting the Defendants' Motion Would Not Unfairly Prejudice Benitez

A finding of unfair prejudice requires harms beyond those that "inevitab[ly] result whenever a judgment is vacated." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). In this instance, Mr. Benitez makes no argument for why setting aside judgment would prejudice him. While in his surreply Mr. Benitez suggests that it would be unfair to set aside judgment because the defendants potentially may bring a counterclaim of fraudulent misrepresentation, the assertion of a counterclaim is a right under our system of civil justice, not

---

[3] MASCO and Mr. Stadler do not specify their Rule 60(b) motion is a 60(b)(3) motion, but do allege that "Mr. Benitez's misrepresentation to the Court that he was an employee is fraudulent, therefore, there is good cause for default judgment to be set aside under Rule 60(b)(3)." (ECF 18 ¶ 26). The court will therefore analyze the motion as both a Rule 60(b)(3) motion to set aside judgment for fraud or other misconduct and a Rule 60(b)(1) motion to set aside judgment for excusable neglect (*see* ECF 18 ¶ 27).

an unfairly prejudicial action. There is no indication from the filings that such a counterclaim–if it is even filed–would be retaliatory or otherwise improper.

### IV. The Defendants Present a Meritorious Defense

To establish a meritorious defense, the moving party must "proffer [] evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). Movants must do more than "allege in a conclusory fashion" that they possess such a meritorious defense. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Here, MASCO and Mr. Stadler assert that Mr. Benitez was a subcontractor, not an employee, and therefore not entitled to the wages and overtime demanded. (*See, e.g.*, ECF 22-2 at 1 (payroll records identifying Mr. Benitez as a contractor)), MASCO and Mr. Stadler additionally presented copies of checks made out to Mr. Benitez totaling $43,000 over the period Mr. Benitez claimed MASCO did not pay him. (ECF 22-1, Check Copies, at 5-7). While Mr. Benitez contends that these checks are not timely payment for the full amount owed for Rosemont/Dukeland installation work over the time period in question as required by the Fair Labor Standards Act, such a dispute cannot be properly resolved without additional discovery and argument. The defendants' position, supported by the proffered documents, that the demanded payments already have been made and no additional payments are owed, presents a sufficiently meritorious potential defense to permit finding for the defaulting defendants.

### V.     Exceptional Circumstances Exist

The defendants also have met their burden of demonstrating why exceptional circumstances exist to set aside the default judgment. MASCO and Mr. Stadler note that the ongoing pandemic, compounded with Stadler's out-of-state treatment and recovery from a series

4

of medical procedures, meant that the defendants did not receive notice of the proceedings against them until after the court entered default judgment. (ECF 22-5 at 4-6). These challenges to the receipt of service qualify as exceptional circumstances under Rule 60(b).

### VI. Defendants Allege Misrepresentation and Excusable Neglect

MASCO and Mr. Stadler have also met their burden of demonstrating that their motion is justified under two of the options enumerated in Rule 60(b): misrepresentation and excusable neglect. The defendants allege that Mr. Benitez "misrepresented his employment status," and that this misrepresentation was "fraudulent." (ECF 18 ¶¶ 24, 26). As proof, the defendants offer payroll records and copies of the checks they claim were made out to Mr. Benitez for the hours of labor in dispute. (ECF 22-1). Alternatively, Mr. Stadler's out-of-state medical treatments coupled with the exigencies of ongoing pandemic also constitute excusable neglect under 60(b)(1). Mr. Stadler, who personally receives MASCO's mail at his usual residence in Maryland (ECF 22-5 ¶ 8), provides documentation of his attendance at physical therapy appointments in Florida beginning in December 2020, the last of which he attended on September 8, 2021, the day after default judgment was entered in this case. (ECF 22-4, Physical Therapy Log, at 1-3).

### CONCLUSION

Because MASCO and Mr. Stadler have met the requirements to set aside judgment under Rule 60(b), the defendants' motion to set aside default judgment will be granted, and the case may proceed to be heard on its merits. A separate Order follows.

_5/9/22_
Date

_CCB_
Catherine C. Blake
United States District Judge